United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PETER TUCKER,**<br>Plaintiff,<br>vs.<br>**POST CONSUMER BRANDS, LLC,**<br>Defendant. | CASE NO. 19-cv-03993-YGR<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. Nos. 24, 38 |

Plaintiff Peter Tucker brings this putative class action alleging that the branding and packaging of defendant Post Consumer Brands, LLC's "Honey Bunches of Oats" cereal falsely and deceptively conveyed that honey was a primary or significant sweetener, when in fact, refined substances were the primary sweeteners. The operative complaint alleges three causes of action for violations of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*. ("CLRA"); California False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*. ("FAL"); and California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL").

Pending before the Court is defendant's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Having carefully considered the pleadings in this action and the papers submitted, and for the reasons set forth below, the Court **DENIES** the motion.

## I. BACKGROUND

Defendant manufactures and markets varieties of breakfast cereals known as "Honey Bunches of Oats." These cereals are sold to the public in rectangular boxes containing 13 ounces or more of cereal and individual serving "to go" cups containing 2.25 ounces of cereal. The front of each package is materially identical. As shown below, the package depicts a large yellow-orange circle simulating a radiating sun, emblazoned with the words "HONEY BUNCHES OF OATS" and showing a wooden honey dipper dripping honey, and towards the bottom of the package is the outline of a bee trailing a broken line indicating flight:







Plaintiff alleges the branding and packaging of the cereal convey to consumers that honey is a primary or significant sweetener, as compared to sugar and other refined substances that are perceived as unhealthy. In support of its claim, plaintiff points to an August 2019 survey of more than 400 consumers, in which 68% of respondents believed honey was the cereal's primary sweetener and 79.5% believed honey was one of the cereal's three main ingredients based on the front packaging. Plaintiff alleges that in fact, the product is sweetened using various combinations of white sugar, brown sugar, corn syrup, malted barley syrup, molasses, and honey, with honey consistently being the least or second-least prominent sweetener.

Plaintiff most recently purchased Honey Bunches of Oats on January 16, 2019. He alleges that he purchased and consumed the cereal based on the branding and packaging, which led him to believe the cereal was primarily or exclusively sweetened with honey and that honey was one of the top three ingredients in the cereal. Plaintiff alleges that he would consider purchasing the cereal again if the labeling were accurate.

Plaintiff filed his initial complaint in this action on July 11, 2019. On August 16, 2019, the Court entered a joint stipulation to stay the case pending a decision on a motion to dismiss filed in *Lima v. Post Consumer Brands, LLC*, No. 1:18-cv-12100-ADB (D. Mass.), which the parties agreed would "resolve some or all of the claims in this case, or, at a minimum, [would] be instructive and helpful to resolving the similar factual and legal claims in this case." The *Lima*

court dismissed the complaint with prejudice. *Lima v. Post Consumer Brands, LLC*, No. 1:18-CV-12100-ADB, 2019 WL 3802885 (D. Mass. Aug. 13, 2019), *reconsideration denied*, No. 1:18-CV-12100-ADB, 2019 WL 4889599 (D. Mass. Oct. 2, 2019). On September 11, 2019, plaintiff filed an amended complaint in this case.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss, a court must accept all material allegations in the complaint as true and construe them in the light most favorable to plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

Claims alleging fraud must also meet the heightened pleading standard of Rule 9(b). Fed. R. Civ. P. 9(b). Rule 9(b) requires "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). To comply with the Rule 9(b) pleading standard, allegations of fraud "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id*. (quoting *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

## III. Discussion

Defendant moves to dismiss all three claims on the grounds that: (i) the branding and packaging at issue comply with the Federal Drug Administration ("FDA")'s flavor labeling and misbranding regulations, and thus, plaintiff's claims are preempted; (ii) no reasonable consumer would understand the Honey Bunches of Oats packaging to make a representation about the amount of honey in the cereal; and (iii) plaintiff lacks standing to seek injunctive relief because he does not plausibly allege that he will be deceived in the future. Defendant also argues that even if

United States District Court
Northern District of California

the Court finds plaintiff has stated a claim for relief under the CLRA, his FAL and UCL claims fail because plaintiff has an adequate remedy at law.

The Court addresses each argument in turn.

**A. Preemption**

The Supremacy Clause grants Congress the power to preempt state law. *Crosby v. National Foreign Trade Council*, 530 U.S. 363, 372 (2000). The Supreme Court has identified two cornerstones of its preemption jurisprudence: first, "the purpose of Congress is the ultimate touchstone in every pre-emption case," and second, "[i]n all pre-emption cases, and particularly in those in which Congress has legislated in a field which the States have traditionally occupied, we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Wyeth v. Levine*, 555 U.S. 555, 565 (2009) (citation and internal marks omitted). Where there is a "plausible alternative reading," courts "accept the reading that disfavors pre-emption." *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 449 (2005).

The Food Drug and Cosmetics Act ("FDCA") established a comprehensive federal scheme of food regulation to ensure food safety and proper labeling in an effort to avoid misleading consumers. 21 U.S.C. § 341, *et seq*. In 1990, Congress amended the FDCA by enacting the Nutrition Labeling and Education Act of 1990 ("NLEA"). The FDCA, as amended by the NLEA, expressly preempts state laws to the extent they differ from federal law, providing that "no State . . . may directly or indirectly establish . . . any requirement for the labeling of food . . . that is not identical to" the FDCA's requirements. 21 U.S.C. § 343-1(a)(3). Under this provision, state consumer protection laws are preempted when they are used to impose requirements that contravene or are inconsistent with the FDCA's requirements. *See Durnford v. MusclePharm Corp.*, 907 F.3d 595, 601-03 (9th Cir. 2018).

Defendant argues that plaintiff's claims are preempted by 21 C.F.R. section 101.22(i), which permits labels to make either "direct or indirect representations with respect to the primary recognizable flavor(s)" "by word, vignette, e.g., depiction of a fruit, or other means." Defendant contends that honey is a "primary recognizable flavor" in its cereals and use of the word "honey"

and associated images are thus permitted by section 101.22(i). Plaintiff counters that honey is a sweetener, not a flavor, and neither section 101.22(i) nor any other federal statute or regulation address labeling for sweeteners. Plaintiff further argues that even if honey is a "primary recognizable flavor," defendant cannot shield itself from claims regarding deceptive sweeteners because it arguably complied with a flavor labeling regulation.[1]

Defendant primarily argues that this Court should follow the District of Massachusetts' holding in *Lima* because it is a substantially similar case. In *Lima*, the court considered the application of section 101.22(i) to claims that Honey Bunches of Oats' packaging was misleading regarding the amount of honey in the cereal. The *Lima* court concluded that "[i]f Post's use of the word 'honey' and the associated imagery reflects that honey is a primary recognizable flavor as well as an ingredient, then [section 101.22(i)] clearly permit[s] the use of the word 'honey' and the associated imagery." *Id.* at *5. With respect to the *Lima* plaintiffs' allegations regarding honey as a sweetener, the court noted that plaintiffs seemed to "understand that honey is both a sweetener and a flavoring agent, yet they d[id] not explain why they concluded that the word honey and the associated imagery necessarily meant that honey was the primary sweetener, rather than referring to the flavor of the cereal." *Id.* The court thus held that given the labeling was permitted under federal regulations on flavors, "where honey is a flavor as well as a sweetener, [p]laintiffs ha[d] not plausibly alleged that Post's use of the word 'honey' and the images of a sun, bee, and honey dipper" were false or misleading under the FDCA. *Id.* at *6.

There is, however, a significant difference between *Lima* and this case. Here, the amended complaint leaves no doubt that the crux of plaintiff's claims is that Honey Bunches of Oats' labeling is deceptive as to the use of honey as a *sweetener*. That is, plaintiff alleges that defendant's branding and packaging conveys that honey, a sugar substitute that is preferable to

---

[1] The Court **GRANTS** defendant's request for judicial notice of the FDA consumer update regarding flavoring and labels. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (quoting in part Fed. R. Evid. 201) (noting that courts may take judicial notice of documents or information that "can be accurately and readily determined from sources whose accuracy cannot be questioned," including "undisputed matters of public record"). All other requests for judicial notice are **DENIED** as moot.

United States District Court
Northern District of California

consumers, "is the primary sweetener, or at the very least is a significant sweetener," when in fact, "the cereals are sweetened primarily with sugar, corn syrup, and other refined substances" shown to cause negative health effects. The amended complaint includes just one paragraph mentioning flavoring, alleging that defendant's branding and packaging "deceptively conveys that honey is the primary recognizable flavor or the characterizing flavor," when in fact other ingredients, "such as molasses, brown sugar, nuts, and dried fruit," have more prominent flavor characteristics. Thus, plaintiff explicitly rejects the contention that honey is the "primary recognizable flavor" in Honey Bunches of Oats. In contrast, the *Lima* complaint "implicitly acknowledge[d] that honey has a distinctive flavor that is responsible for the honey taste of Honey Bunches of Oats."[2]

At this juncture, the Court cannot find, as a matter of law, that honey is the "primary recognizable flavor" in defendant's cereals, such that the labeling at issue is permitted under section 101.22(i) and plaintiff's claims are preempted.[3] Nor can the Court conclude, based on plaintiff's allegations alone, that honey is a sweetener in the cereals. Whether honey is a "primary recognizable flavor," sweetener, or both is a factual determination not appropriate for resolution on a motion to dismiss. *See Ivie v. Kraft Foods Global, Inc.*, No. 12–cv–2554 RMW, 2013 WL 685372, at *10 (N.D. Cal. Feb. 25, 2013) ("[T]he factual determinations of whether [the ingredients are] used as a sweetener and/or . . . a flavoring agent in this particular product, and

---

[2] The *Lima* court reached this conclusion based on the allegation that "[t]he branding and packaging of 'Honey Bunches of Oats' cereals is not accurate or justifiable on the basis that honey is the primary or characterizing flavor."

[3] *Red v. Kraft Foods, Inc.*, 754 F. Supp. 2d 1137 (C.D. Cal. 2010) is in accord. There, consumers alleged that the labeling of "Honey Maid Graham Crackers" caused them to believe the product was sweetened primarily with honey, when in fact, its predominant sweeteners were sugar and high fructose corn syrup. On motion to dismiss, the court "decline[d] to construe these usages as mere representations of 'characterizing flavor,'" and in doing so, noted the difficulty of analyzing preemption in the context of flavor labeling regulations:

> Who gets to decide whether a product labeling claim is a 'characterizing flavor' claim or a claim about the product's ingredients, or an implicit claim that a product is healthful because it contains a particular ingredient? If a 'flavor' claim suggests health benefits (especially in conjunction with other labeling claims), are [p]laintiffs barred from alleging that it is misleading?

*Id*. at 1143.

whether a reasonable consumer would have thus been misled by the 'no artificial sweeteners or preservatives' label, are inappropriate for determination on a motion to dismiss."); *Engurasoff v. Coca-Cola Co.*, No. C 13-03990 JSW, 2014 WL 4145409, at *3-4 (N.D. Cal. Aug. 21, 2014) (court "cannot make a factual determination upon a motion to dismiss as to whether phosphoric acid qualifies as an artificial flavor"); *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2014 WL 1048640, at *4 (N.D. Cal. Mar. 14, 2014) ("[W]hether sodium citrate, citric acid, and tocopherol function as artificial flavors, chemical preservatives, or both, is inappropriate to determine at this stage of the litigation.").[4]

At the pleading stage, the Court cannot second guess the truth of plaintiff's allegation that he purchased defendant's cereal because of the promise of honey as a sweetener.[5] Thus, plaintiff's claims are not preempted under section 101.22(i).[6]

---

[4] The cases cited by defendant do not compel a different result. In *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, No. CV161442PSGMRWX, 2018 WL 1616053, at *3-4 (C.D. Cal. Mar. 8, 2018), the court held that section 101.22(i) preempted plaintiffs claim that labeling oatmeal with the words "Maple & Brown Sugar" and a related image was deceptive because the product did not contain maple syrup. In so holding, the court rejected plaintiffs' contention that maple syrup was not a flavoring in part because maple appeared on the FDA's list of "flavoring substances." *Id*. at *3. The same does not apply to honey. Defendant also cites *Dvora v. Gen. Mills, Inc.*, No. CV 11-1074-GW PLAX, 2011 WL 1897349, at *4 (C.D. Cal. May 16, 2011), in which the court found plaintiff could not avoid preemption under § 101.22(i) by claiming cereal name "Total Blueberry Pomegranate" was misrepresentation about ingredients rather than flavor. There, however, the court found it "clear from the context of [d]efendant's packaging that 'Blueberry Pomegranate' [wa]s a description of characterizing flavor." *Id*. at *5. Here, defendant's packaging does not resolve whether honey is a "primary recognizable flavor" and/or sweetener.

[5] Even if honey is a "primary recognizable flavor" and defendant's labeling complies with 21 C.F.R. § 101.22(i), defendant does not offer any controlling authority holding that where an ingredient serves as both a flavor and a sweetener in a product, the product label need only comply with FDA regulations regarding flavor.

[6] The amended complaint also argues that defendant's labels violate 21 C.F.R. sections 101.18(b) and 102.5(b), two federal labeling regulations. Defendant argues that plaintiff cites these irrelevant regulations only to escape federal preemption. In its opposition, plaintiff makes conclusory assertions that defendant violated section 101.18(b). Plaintiff does not address section 102.5(b). Whatever the reason for plaintiff's inclusion of these regulations in its amended complaint, the Court finds that they do not provide a plausible legal basis for plaintiff's claims regarding sweetener labeling. Section 101.18(b) generally applies when a food's common name—here, "cereal"—"includes or suggests the name of one or more but not all" of its ingredients,

**B. "Reasonable Consumer"**

Plaintiff's claims under the CLRA, UCL, and FAL are governed by California law. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. and Prof. Code § 17200. The FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. and Prof. Code § 17500. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770.

A plaintiff's claims under these California statutes are governed by the "reasonable consumer" test. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citations omitted). Under the reasonable consumer test, a plaintiff must "show that 'members of the public are likely to be deceived.'" *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (quoting *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992)). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by [a] few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 508, 129 Cal.Rptr.2d 486 (Cal. App. 2003). Whether a reasonable consumer would be deceived "will usually be a question of fact not appropriate for decision" at the pleading stage. *Williams*, 552 F.3d at 938.

Here, plaintiffs allege that the brand name "Honey Bunches of Oats" and the images on the cereal's packaging deceptively convey that honey is a primary or significant sweetener in the cereal. There is no dispute that the cereal contains *some* honey, and in that sense, certain aspects of the packaging could be considered accurate. In applying the reasonable consumer standard, however, the packaging must be considered in context. That is, the image of a radiating sun, the words "HONEY BUNCHES OF OATS," and the honey dipper dripping honey occupy about two-thirds of the front of the packaging. Although the package does not make any objective representations about the amount of honey in the cereal, a reasonable consumer could see the prominent honey-related words and imagery and be deceived into thinking the cereal contained relatively less refined sugar and more honey. If so misled, the reasonable consumer is not

which is not the case here. 21 C.F.R. § 101.18(b). Section 102.5(b) likewise regulates a product's common or usual name ("cereal"), not its brand name ("Honey Bunches of Oats").

expected to pick up the product and examine the fine print on the ingredient list. *See Williams*, 552 F. 3d at 939-40 ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception.").

Finally, while the consumer survey described in the amended complaint cannot, on its own, satisfy the reasonable consumer test,[7] it provides further support for plaintiff's position. At this stage of the proceedings, the Court must accept plaintiff's allegations as true and must not engage in the weighing of the evidence. The survey suggests that a significant portion of reasonable consumers, upon viewing the Honey Bunches of Oats packaging, likely would believe that honey was the primary sweetener or one of the three main ingredients in defendant's cereal.

Accordingly, defendant's motion to dismiss the claims on the ground that no reasonable consumer would understand the Honey Bunches of Oats packaging to make a representation about the amount of honey in the cereal is denied.

**C. Standing to Seek Injunctive Relief**

A party seeking injunctive relief from a federal court must allege not only that he has "suffered or [is] threatened with a concrete and particularized legal harm" but also that there is "a sufficient likelihood that [he] will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007) (citation and internal quotation marks omitted). Defendant argues that plaintiff has not established standing to seek injunctive relief because he does not provide details regarding a concrete plan to purchase the cereal, which would support a claim of actual or imminent future injury, and further, plaintiff has not adequately pleaded that would be misled by the labeling in the future.

In the amended complaint, plaintiff alleges that he "would consider purchasing the cereal again if the labeling were accurate." Plaintiff argues that this is sufficient to establish standing under *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018), in which the Ninth Circuit held that "a previously deceived consumer may have standing to seek an injunction against

---

[7] *See Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019). The request for leave to submit *Becerra* as a supplemental authority is **GRANTED**. (Dkt. No. 38.)

United States District Court
Northern District of California

false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." Specifically, "the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969-70. The threat of future harm also "may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 970.

Here, plaintiff has sufficiently alleged that he was deceived by the front of the Honey Bunches of Oats packaging and that he may purchase the cereal again in the future if the label is accurate. Absent injunctive relief, plaintiff would not know whether honey is in fact a significant sweetener in defendant's product based on the front of the cereal box. Nor is the onus on plaintiff to consult the ingredient list to try to discern this fact. *See Arora v. GNC Holdings, Inc.*, No. 19-CV-02414-LB, 2019 WL 6050750, at *14 (N.D. Cal. Nov. 15, 2019) ("[E]ven if the asterisk links to a disclaimer, the plaintiffs' claim of confusion is predicated on a non-compliant back-panel disclaimer."); *Shank v. Presidio Brands, Inc.*, No. 17-cv-00232-DMR, 2018 WL 1948830, at *5 (N.D. Cal. Apr. 25, 2018) (rejecting argument that the plaintiff could read labels in the future to determine whether products were "all natural"). Plaintiff's inability to rely on the honey-related words and images prominently featured on the front and top of the cereal box constitutes an ongoing injury for which plaintiff may seek injunctive relief. As such, defendant's request to dismiss plaintiff's request for injunctive relief is denied.

**D. Adequate Remedy at Law**

Finally, the Court considers whether plaintiff's FAL and UCL claims should be dismissed because the CLRA provides plaintiff with an adequate remedy at law.

With respect to the UCL, the Court previously considered this issue in *Luong v. Subaru of Am., Inc.*, 2018 WL 2047646 (N.D. Cal. May 2, 2018). There, like here, the defendant argued that plaintiffs' CLRA and UCL claims were subject to dismissal to the extent they sought equitable

relief because plaintiffs already had an adequate remedy at law. *Id.* at *7. The Court disagreed, holding that "those decisions allowing claims for equitable relief to proceed as an alternative remedy, at the pleading stage, [are] more persuasive, based upon the broad remedial purposes of the California consumer protection statutes." *Id.* The Court further noted that Business & Professions Code section 17205 expressly provides that remedies available for a UCL violation are "cumulative to each other and to the remedies or penalties available under all other laws of this state." *Id.* (citing *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566, 950 P.2d 1086, 1094 (1998)).

The FAL, although not at issue in *Luong*, contains a parallel provision to Business & Professions Code section 17205. *See* Cal. Bus. & Prof. Code § 17534.5. Thus, the availability of monetary damages does not preclude a claim for equitable relief under the FAL based upon the same conduct. *See Joseph v. J.M. Smucker Co.*, No. CV 17-8735 FMO (KSX), 2019 WL 1219708, at *6 (C.D. Cal. Mar. 13, 2019) ("[T]he court has no difficulty rejecting defendant's final ground for dismissal, i.e., that plaintiff's UCL, FAL and restitution claims fail because they seek injunctive relief, and monetary damages are adequate").

Accordingly, plaintiff's FAL and UCL claims are not subject to dismissal on the ground that plaintiff has an adequate remedy at law under the CLRA.

## IV. CONCLUSION

In light of the foregoing, defendant's motion to dismiss is **DENIED**. Defendant shall respond to the amended complaint within **twenty-one (21) days** of this order. Further, a case management conference shall be set for **Monday, July 20, 2019** at **2:00 p.m.** in the Federal Building, 1301 Clay Street, Oakland in Courtroom 1.

This Order terminates Docket Numbers 24 and 38.

**IT IS SO ORDERED.**

Dated: April 21, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**